**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

**UNITED STATES OF AMERICA,** )
)
**Plaintiff,** )
)
**v.** ) **Case No. 3:22-cr-0034**
)
**GILBERTO ANTONIO ESTRELLA,** )
)
**Defendant.** )
)

**ORDER**

**THIS MATTER** comes before the Court on Defendant Gilberto Antonio Estrella's ("Estrella") *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) filed on May 28, 2024. Dkt. No. 95. Defendant seeks a reduction in his sentence and release from imprisonment due to his age and his possible exposure to COVID-19 while incarcerated. The United States ("Government") filed an opposition contending that Estrella has failed to exhaust his administrative remedies and that he has not demonstrated any extraordinary or compelling reasons that would justify a compassionate release. Dkt. No. 99. For the reasons stated below, the Court will deny the motion.

I.

On December 15, 2022, a grand jury indicted Estrella on a single count of re-entry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(2). The Indictment alleged that Estrella is an illegal alien who was found in St. Thomas, U.S. Virgin Islands, on November 30, 2022, after having been deported from the United States on October 20, 2015. The undisputed record in this case establishes that Estrella is national of the Dominican Republic and initially entered the U.S. on February 16, 1979, when he was approximately 16 years old. *See* Presentence Report ("PSR") dated July 21, 2023, at 5, ¶ 12. He was later deported to the Dominican Republic by immigration authorities on June 8, 1983. *Id.* On May 12, 1985, Estrella attempted to enter the U.S. in Miami, Florida, with an altered U.S. Passport and was expeditiously removed on March 23, 1985. *Id.* Estrella again re-entered the U.S. before May 10, 1990, and was later deported to the Dominican Republic on February 25, 2004. *Id.* Estrella later entered the U.S. in April 2006 was subsequently deported to the Dominican

Republic on October 20, 2015. *Id.* In total, Estrella illegally entered or attempted to re-enter the U.S. on at least four occasions before being charged in this case.

Estrella pled guilty to re-entry of a removed alien before a magistrate judge on February 28, 2023, and the district judge accepted Estrella's plea on March 22, 2023. During the sentencing hearing held on August 11, 2023, the Court calculated a guideline imprisonment range of 37 to 46 months based on total offense level of 19 and a criminal history category of III. The Court sentenced Estrella to 41 months imprisonment with no term of supervised release.

Estrella now moves for a compassionate release under 18 U.S.C. § 3582.

II.

Pursuant to 18 U.S.C. § 3582, a sentencing court has the authority to modify a sentence imposed under certain conditions. Section 3582 provides in pertinent part that:

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

Significantly however, before a district court may consider a defendant's motion for compassionate release pursuant to Section 3582 either: (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf; or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Failure to comply with Section

3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release." *See id.*

Once a defendant has met Section 3582(c)(1)(A)'s exhaustion requirement, "a district court 'may reduce [a federal inmate's] term of imprisonment' and 'impose a term of probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction.'" *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "But before granting compassionate release, a district court must 'consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.'" *Id.* "Those factors include, among other things, 'the history and characteristics of the defendant' and 'the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] . . . to afford adequate deterrence to criminal conduct.'" *Id.* at 330 (citations omitted).

The defendant has the burden to show he is entitled to a sentence reduction pursuant to Section 3582(c)(1). *Cf. United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (noting that the defendant has the burden of establishing that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

III.

The Government contends that Estrella's request for compassionate relief should be denied because he failed to demonstrate that he exhausted his administrative remedies with the BOP. Estrella states in his motion that "[t]he Warden at his institution is no longer filing compassionate release motions (see Exhibit 1). Therefore, the exhaustion requirement is met." Dkt. No. 95 - Def.'s Mot. at 1 (parenthesis in original). There is no exhibit attached to his motion nor is there any documentation supporting this conclusory statement. Thus, no evidence suggests that Estrella file a request for compassionate relief with the BOP or otherwise exhausted his administrative remedies. Failing to comply with the exhaustion requirement is fatal to Estrella's motion. *See Raia*, 954 F.3d at 597.

IV.

For the above reasons, the Court will deny Estrella's motion. Accordingly, it is hereby

**ORDERED** that Defendant Gilberto Antonio Estrella's ("Estrella") *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A), Dkt. No. 95, is **DENIED;** it is further

**ORDERED** that the Clerk of Court shall serve Gilberto Estrella with a copy of this Order via certified mail and the return receipt shall be docketed in this case.

**Dated:** November 4, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**